**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 112411

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jason Saladino,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Allied Interstate LLC,<br><br>　　　　　Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Jason Saladino (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Allied Interstate LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.　This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.　Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.　At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Jason Saladino is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Allied Interstate LLC, is an Ohio Limited Liability Company with a principal place of business in Franklin County, Ohio.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated November 1, 2016. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692g
### Debt Validation

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

19. 15 U.S.C. § 1692g(a)(3) requires the notice to include a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector.

20. There is no requirement that the consumer dispute the debt in writing.

21. It is a violation of the FDCPA to require disputes be made in writing.

22. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

23. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

24. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

25. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

26. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be made in writing.

27. The Letter dictates that Plaintiff should correspond with Defendant, other than payments, at: Allied Interstate LLC, PO Box 361445, Columbus, Ohio, 43236.

28. Disputes need not be in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013).

29. Disputes may be made orally.

30. The language concerning correspondence with Defendant overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

31. The language concerning correspondence with Defendant contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

32. The language concerning correspondence with Defendant, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

33. The language concerning correspondence with Defendant, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

34. The language concerning correspondence with Defendant, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

35. Defendant has violated § 1692g, as the above-referenced language overshadows the information required to be provided by that Section. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

36. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

38. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

39. The question of whether a collection letter is deceptive is determined from perspective of the "least sophisticated consumer."

40. The collection letters could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016); *Balke v. Alliance One Receivables Management, Inc.*, No. 16-CV-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

41. Because the Letter is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

42. The least sophisticated consumer would likely be deceived by the Letter.

43. The least sophisticated consumer would likely be deceived in a material way by the Letter.

44. The misrepresentation is material because it could impede the least sophisticated consumer's ability to respond to the letter or dispute the debt.

45. Defendant has violated § 1692e by using a false, deceptive, and misleading representation in its attempt to collect a debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692g
### Amount of the Debt

46. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

47. The Debt was incurred on a credit card underwritten by Chase Bank USA, N.A.

48. The Letter sets forth an "Amount Owed" of $8,135.16.

49. The Letter further states, "As of the date of this letter, the Amount Owed is $8,135.16. Because the creditor continues to assess interest on the debt, the amount due on the day you pay may be greater."

50. The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

51. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

52. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

53. For instance, the Letter fails to indicate the applicable interest rate.

54. For instance, the Letter fails to indicate the date of accrual of interest.

55. For instance, the Letter fails to indicate the amount of interest during any measurable period.

56. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

57. The Letter fails to state what part of the amount stated is attributable to principal.

58. The Letter fails to state what part of the amount stated is attributable to interest.

59. The Letter fails to state what part of the amount stated is attributable to late fees.

60. The Letter fails to state what part of the amount stated is attributable to other fees.

61. The Letter fails to state that the creditor will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

62. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

63. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

64. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

65. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

66. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

67. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

68. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

69. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e and 15 U.S.C. § 1692g. *See Balke v. Alliance One Receivables Management, Inc.*, No. 16-cv-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

## JURY DEMAND

70. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c. Plaintiff's costs; all together with

    d. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: October 30, 2017

                **BARSHAY SANDERS, PLLC**

                By: _/s/ *Craig B. Sanders*_____
                Craig B. Sanders, Esq.
                100 Garden City Plaza, Suite 500
                Garden City, New York 11530
                Tel: (516) 203-7600
                Fax: (516) 706-5055
                csanders@barshaysanders.com
                *Attorneys for Plaintiff*
                Our File No.: 112411